COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-08-373-CR

 

 

ROBERT ROE                                                                                   APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I.  Introduction








Appellant
Robert Roe pleaded guilty in front of a jury to felony driving while
intoxicated (ADWI@),
after which the jury assessed his punishment at two years=
confinement.  In three points, Roe seeks
a new punishment hearing, contending that the trial court erred by admitting
certain expert testimony.  Because Roe
failed to object to that testimony, however, he has not preserved his points
for our review, and we will affirm.

II.  Background

After
the police pulled over the pickup truck he was driving, Roe=s
breath alcohol concentration (ABAC@)
measured between 0.216 to 0.222 grams per 210 liters of breath, or
approximately two-and-a-half times the legal limit of 0.08.  See Tex. Penal Code Ann. ' 49.01(2)(B)
(Vernon 2003).  The State charged Roe
with DWI, enhanced to a third-degree felony by two prior DWI convictions.  Roe pleaded guilty before a jury after having
elected to go to the jury for punishment. 
During the State=s case-in-chief on
punishment, the State offered, among other evidence, Roe=s
breath test results.  In his own defense,
Roe testified that he had only consumed two glasses of ACrown
and Coke@ and
one other drink that night.  In rebuttal,
the State=s
breath-test expert, Terry Robinson, testified that a person would have to
consume ten-to-thirteen standard drinks[2]
to reach Roe=s
BAC on the night of his arrest.  Roe did
not object to this testimony.

After
hearing the evidence on punishment, the jury assessed Roe=s
punishment at two years= confinement.  Roe timely gave notice of appeal.

III.  Discussion








In
three points, Roe complains of Robinson=s
testimony that a person would have had to have consumed ten-to-thirteen
standard drinks to reach the BAC that Roe reached on the night of his
arrest.  In his first point, he contends
that the trial court erred by admitting this expert=s
testimony; in his second point, that this testimony was harmful; and in his
third, that the jury would have likely recommended community supervision rather
than a term of confinement had it not heard this testimony.  Because Roe has failed to preserve these
points, however, they are not properly before us for our review.

To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R.
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim.
App. 1998) (op. on reh=g), cert. denied, 526
U.S. 1070, 119 S. Ct. 1466 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).








The
record shows that the trial court conducted a hearing outside the jury=s
presence on Robinson=s qualifications to testify
on the subject of retrograde extrapolation. 
Roe objected to Robinson=s
qualifications to testify on the subject of retrograde extrapolation.  However, he did not object to Robinson=s
specific testimony that relates to the points he now brings on appeal.  For instance, at the hearing, when the trial
court asked Roe if he objected to the following testimony, Roe replied, ANo.@

Q. (BY MR. KILGORE [for the State])  Sir, if a 150-pound male had an alcohol
concentration of .22 at 1:19 a.m., had his first drink at 6:00 p.m. BB I=m sorry, first drink
at 10:00 p.m., his last drink at 11:00 p.m., was drinking liquor, and was
stopped at 12:39, is it possible for him to have consumed two standard drinks
and been at that concentration?

 

A.  No.

 

MR. KILGORE: 
That=s the last BB that=s the question I plan
on offering.

 

THE COURT: 
Okay.  Do you object to that?

 

MR. McCARTY [for Roe]:  No.

 

Nor
did Roe object when Robinson later repeated this testimony in front of the
jury.  And finally, when Robinson offered
the following testimony of which Roe now complains on appeal, Roe raised no
objection:

Q. [by the State]  Okay. 
Based on your training and education and experience, how many drinks
would he have had to have consumed?

 

A. 
Over that period of time?

 

Q. 
Uh-huh.

 

A. 
Just a moment, if I could.

 

(Pause in Proceedings)








A.  He would have had to have consumed the amount
of alcohol in 10 to 13 standard drinks during that time period.

Because
all three of Roe=s points on appeal are
premised upon the trial court=s
admission of the above testimony, which drew no objection, Roe has failed to
preserve his complaints for our review.  See
Tex. R. App. 33.1(a)(1); Tex. R. Evid. 103. 
Accordingly, we overrule all three points.

IV.  Conclusion

Having
overruled all of Roe=s points, we affirm the
trial court=s
judgment.

 

 

BILL MEIER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 24, 2010











[1]See Tex. R. App. P. 47.4.





[2]The witness defined a
Astandard drink@ as containing the
same amount of ethanol as that in twelve ounces of beer, an ounce-and-a-quarter
of 80-proof liquor, or four-to-five ounces of table wine.